**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JOSE ANGEL RODRIGUEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | CASE NO.    1:03-CR-57-TS |
| | ) | 1:06-CV-313-TS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION**

The Petitioner, Jose Angel Rodriguez, filed a petition to vacate his sentence pursuant to

28 U.S.C. § 2255. The Petitioner presents seven grounds of ineffective assistance of counsel and

claims that he did not voluntary and intelligently plead guilty, but none of the Petitioner's

arguments have any merit.

**A.     Background**

The Petitioner was indicted on August 22, 2003, with thirteen other defendants. The

Petitioner was charged with conspiracy to possess with the intent to distribute cocaine and

marijuana and with two counts of possession with intent to distribute cocaine and aiding and

abetting.

On May 25, 2004, the Petitioner pled guilty to Count 1 in the indictment, conspiracy to

possess with the intent to distribute cocaine and marijuana. The Plea Agreement, filed the same

day, stated that the government would dismiss the other counts pending against the Petitioner,

that the Court would impose the minimum sentence under the applicable guideline range, and

that the government would recommend that the Petitioner receive a reduction in his offense level

for accepting responsibility. The Plea Agreement also stated that the Petitioner was waiving his right to contest his conviction and sentence by appeal or by post conviction proceeding, including a proceeding under § 2255:

> I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission Under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction or sentence to any Court on any ground. I also agree not to contest my conviction or sentence, or the manner in which my conviction or sentence was determined, or imposed on any ground in any appeal under Title 18, United States Code, Section 3742, or in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code Section 2255.

(Rodriguez Plea Agreement 4, May 25, 2004, DE 210.)

On March 22, 2005, the Petitioner was sentenced to 78 months imprisonment and three years of supervised release. The Petitioner filed a notice of appeal on March 30, 2005. The Seventh Circuit dismissed the Petitioner's appeal on November 17, 2005, citing *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), because of the appeal waiver provision in the Petitioner's Plea Agreement.

On September 11, 2006, the Petitioner filed this section 2255 motion. The government attorney assigned to the case withdrew on September 18, 2006, and the government did not respond to the motion until November 27, 2006, when it filed a motion for extension of time to respond, which the Court granted. In the interim, the Petitioner filed motions asking for default judgment, bail pending resentencing, appointment of council, ruling on the motion, and for release of custody. The government filed its response on April 5, 2007. The Petitioner filed a motion for extension of time to file a reply on April 19, 2007, which the Court granted, but no

reply has been filed as of this date.

The Petitioner's habeas petition asserts seven grounds for relief under § 2255 for ineffective assistance of counsel:

1)      his counsel was ineffective for failing to object when the government breached the plea agreement by enhancing the Petitioner's sentence;

2)      his counsel was ineffective for failing to object to hearsay testimony by a government witness;

3)      his counsel was ineffective for failing to object to the Court's sentence, which exceeded the statutory maximum as defined by Blakely v. Washington;

4)      his counsel was ineffective for failing to object to the Court's violation of Rule 11(c), when it failed to give notice or explanation of waiver of appeal rights;

5)      his counsel was ineffective for failing to investigate his case and adequately prepare for trial;

6)      his counsel was ineffective for failing to read the government's discovery evidence; and

7)      his counsel was ineffective in negotiating the plea agreement and waiver.

The Petitioner also argues that he did not enter a voluntary guilty plea because the Court and his counsel failed to inform him of the nature of the charges and the consequences of the plea and the waiver petition. Specifically, the Petitioner states,

> [t]he district court failed to remind movant of the maximum possible penalty, failed to explain that imprisonment would be followed by supervised release, also failed to advise movant that if he went to trial he would be entitled to cross-examine adverse witnesses, and overlooked several other mandatory reminders and warnings in Rule 11's lengthy list.

(Pet. Br. 34, DE 517.) The Petitioner goes on to argue that the Court failed to explain "the connection between the uncharged conduct of selling 737.1 grams of powder cocaine and his offense of conviction of 11 grams of cocaine sold to the undercover. . . . [The Court] failed to

3

make express findings as to how the amounts are part of the same course of conduct." (*Id.*)

### B.      Waiver

Plea agreements are enforced as agreed by the parties. *Cf. United States v. Williams*, 184 F.3d 666, 670 (7th Cir. 1999) (a defendant, who was on notice through a plea agreement that the sentence imposed could be more than he or the government expected, is bound by that plea agreement); *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998) ("[L]aw in this circuit is clear: [knowing and voluntary] [w]aivers of appeal are enforceable."). Claims of ineffective assistance of counsel are included in the waiver of a right to file for post-conviction relief. However, "[a] plea agreement that also waives the right to file a § 2255 motion is generally enforceable unless the waiver was involuntary or counsel was ineffective in negotiating the agreement." *Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000).

### 1.      *Whether the Petitioner's Waiver Was Voluntary*

"The whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir.1999). Therefore, the statements made by a defendant in a plea agreement and during a change of plea hearing are presumed to be true. *United States v. Pike*, 211 F.3d 385, 389 (7th Cir.2000). The validity of a Rule 11 colloquy is based on the totality of the circumstances, and includes the following factors: "the complexity of the charge,

the defendant's level of intelligence, age, and education, whether the defendant was represented

by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as

the evidence proffered by the government." *United States v. Blalock*, 321 F.3d 686, 688–89 (7th

Cir. 2003).

The Petitioner claims the Rule 11 colloquy in his case was insufficient to apprise him of

his rights, the nature of the charges against him, and the possible punishments he faced. A

review of the transcript shows that the Petitioner's claims are false. The Court apprised the

Petitioner of all of his rights as required by Federal Rule of Civil Procedure 11(b):

> THE COURT: Mr. Rodriguez, since you are under oath, you need to also understand that if you answer any of the Court's questions falsely, your answers may later be used against you in another prosecution for perjury or for making a false statement. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 4.)

> THE COURT: Mr. Rodriguez, do you understand that you have the right to plead not guilty to any offense that's charged against you?
>
> THE DEFENDANT: Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 6.)

> THE COURT: Do you understand that under the Constitution and the laws of the United States, you're entitled to a trial by a jury on the charge contained in Count One of the Indictment in this cause, 1:03-CR-57?
>
> THE DEFENDANT: Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 6.)

> THE COURT: Mr. Rodriguez, do you understand that if you exercised your right to a trial, and were convicted, you would have a right to appeal your conviction with the assistance of legal counsel?
>
> THE DEFENDANT: Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 7.)

> THE COURT:       You understand that in the course of trial, the witnesses for the
> government would have to come to the court, and testify in your
> presence, your attorney could cross examine the witnesses for the
> government, object to  evidence offered by the government, and
> offer evidence on your behalf?
> THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 7.)

> THE COURT:       If you plead guilty, and the Court accepts your plea, do you
> understand that you will waive your right to a trial, and the other
> rights I've just discussed, that there will be no trial, a judgment of
> guilty will be entered on your behalf, and you will be sentenced on
> the basis of your guilty plea after considering a presentence report?
> THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 7.)

> THE COURT:       I want you to understand that that charge in Count One has two
> elements:  First, that from at least July 2002, through May 2003,
> you conspired with individuals, both known and unknown, to the
> Grand Jury to possess with the intent to distribute a quantity of
> cocaine and marijuana in the Northern District of Indiana; second,
> that you knowingly became a member of the conspiracy, with an
> intent to further the conspiracy. Do you understand that these are
> the legal elements to that charge?
> THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 9–10.)

> THE COURT:       Mr. Rodriguez, do you also understand the charge to which you are
> pleading guilty carries the following possible penalties:  If you are
> convicted of Count One in violation of Title 21 United States Code
> Section 846, you face a maximum sentence of 20 years
> imprisonment, and a fine of up to one million dollars. If the Court
> imposes a term of imprisonment of more than one year, the Court
> may impose a term of supervised release of not less than three
> years and not more than five years. Do you understand that these
> are the possible penalties?
> THE DEFENDANT:  Yes, Your Honor.
> THE COURT:       Do you understand that the supervised  release term of which I
> spoke is entirely different from ordinary parole, that parole has

6

been abolished and that if you violate the terms of your supervised release, you can be returned to prison to serve not only the remainder, if any -- any, of any sentence imposed, but also the full length of any supervised release term you receive?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:       Do you understand how that works?

THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 9–10.)

THE COURT:       You also understand you will be assessed  $100 as a special assessment for the Court, to which you are  pleading -- I'm sorry for the Count to which you are pleading guilty?

THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 11.)

THE COURT:       Do you also understand that after it has been determined what guidelines apply to a case, the Court has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines?

THE DEFENDANT:  Yes, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 12.)

THE COURT:       Do you also understand that, under some circumstances, you or the government may have the right to appeal any sentence that the Court imposes?  However, that right may be waived.  Do you understand that by entering into your plea agreement with the government, and entering a plea of guilty, you will have waived or given up your right to appeal or collaterally attack all or part of the sentence?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:       If you would please turn to paragraph 9-K of your petition to enter a change of plea.  That's on page four. And looking at paragraph 9-K that's listed there, do you understand that it is in that paragraph that you expressly waive or give up your right to appeal any conviction or sentence --

THE DEFENDANT:  Yes, ma'am.

THE COURT:       -- by the Court on any ground?

THE DEFENDANT:  Yeah.

(Change of Plea Hearing, May 25, 2004, Tr. 12.) Also relevant are the facts that the government

7

summarized its evidence on the record, the Petitioner agreed with the evidence, and he admitted to facts satisfying the elements of the crime.

The Petitioner's argument is that he was nineteen at the time of sentencing and had only a tenth grade education. He claims he answered the Court's questions yes or no as directed by his attorney, who was pointing his pen at the word "yes" or "no." These facts, however, in the totality of the circumstances, cannot overcome the fact that the Court thoroughly instructed and questioned the Plaintiff as to all of his rights, the nature of the charge, the way in which his sentence would be determined, and the possible punishment he faced. Because the Court was convinced the Petitioner voluntarily and intelligently plead guilty to the charged crime, it accepted his plea. Nothing has been argued or shown to the Court sufficient to cast doubt on the voluntariness of the Petitioner's plea.

**2.      *Whether the Petitioner's Counsel Ineffectively Negotiated the Agreement or Advised Petitioner***

To succeed on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must show "(1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716–17 (7th Cir. 2006).

The Petitioner alleges many examples of ineffective assistance, but he does not state specifically what errors caused him to plead guilty instead of going to trial. He claims his attorney was ineffective for leading him to make an involuntary plea of guilty. However, as stated above, the Court asked him questions intending to determine if he was voluntarily

changing his plea and found that he was. Nothing presented suggests that conclusion was

erroneous.

The Petitioner claims his counsel was ineffective because he did not understand the scope

of the waiver in the plea agreement and did not explain it to the Petitioner. However, the Court

explained the waiver provision to the Petitioner and pointed him to the page on which it was

printed:

| | |
|---|---|
| THE COURT: | Do you also understand that, under some circumstances, you or the government may have the right to appeal any sentence that the Court imposes?  However, that right may be waived.  Do you understand that by entering into your plea agreement with the government, and entering a plea of guilty, you will have waived or given up your right to appeal or collaterally attack all or part of the sentence? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | If you would please turn to paragraph 9-K of your petition to enter a change of plea.  That's on page four. And looking at paragraph 9-K that's listed there, do you understand that it is in that paragraph that you expressly waive or give up your right to appeal any conviction or sentence -- |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | -- by the Court on any ground? |
| THE DEFENDANT: | Yeah. |

(Change of Plea Hearing, May 25, 2004, Tr. 12.) As stated above, the Petitioner voluntarily and

intelligently entered the guilty plea.

The Petitioner claims his counsel failed to adequately investigate his claims. He says his

attorney should have done more research on the Latin Kings, and that he would then have been

better able to challenge the evidence that the Petitioner was a leader in the organization. He also

argues that his attorney should have looked at the government's evidence regarding drug

amounts. The Petitioner does not explain how these facts led him to plead guilty; rather, he

focuses on how his attorney's lack of preparation caused a higher sentence to be imposed. His

counsel's ineffectiveness in obtaining a lower sentence is not an appealable issue due to his

waiver.

The Petitioner states that his attorney "made promises outside the terms of the agreement

and he was less fully informed he was prejudiced by that misinformation and his deficient

performance." (Pet. Br. 33, DE 517.) However, the Petitioner never states what those promises

were. Also, again, this claim comes long after the change of plea hearing, at which the Petitioner

stated nobody promised him anything:

> THE COURT:          Now, has anyone made any promise, other than what's contained in
>                     this plea agreement, that has induced or gotten you to plead guilty
>                     in this matter?
> THE DEFENDANT:   No, Your Honor.
> THE COURT:          Has your lawyer or anyone made any promises or predictions or
>                     guarantees to you as to what your sentence will be?
> THE DEFENDANT:  No, Your Honor.

(Change of Plea Hearing, May 25, 2004, Tr. 12.)

The sum of the Petitioner's arguments seems to be that he received a higher sentence than

he anticipated, and he disagrees with how the sentencing guidelines were applied to him.

However, the sentencing guidelines were explained to the Petitioner, and he was made aware

that his guilty plea would still bind if he received a sentence higher than expected:

> THE COURT:          Mr. Rodriguez, under the Sentencing Reform Act of 1984, the
>                     United States Sentencing Commission has issued guidelines for
>                     judges to follow in determining the sentence in a criminal case.
>                     Have you and your attorney talked about how the sentencing
>                     commission guidelines might apply to your case?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT:          Do you understand that the Court will not be able to determine the
>                     guideline sentence for your case until after the presentence report
>                     has been completed, and you and the government have an
>                     opportunity to challenge the facts by the -- reported by the
>                     Probation Officer?
> THE DEFENDANT: Yes, Your Honor.

10

|  |  |
|---|---|
| THE COURT: | Do you also understand that after it has been determined what guidelines apply to a case, the Court has the authority in some circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines? |
| THE DEFENDANT: | Yes, Your Honor. |

(Change of Plea Hearing, May 25, 2004, Tr. 11–12.)

|  |  |
|---|---|
| THE COURT: | Mr. Rodriguez, do you understand if the Court does not accept the sentencing recommendation in your  plea agreement, or that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Do you have any question about that? |
| THE DEFENDANT: | No, Your Honor. |

(Change of Plea Hearing, May 25, 2004, Tr. 12.)

The Petitioner has presented no good reason for this Court to ignore the Petitioner's testimony

before this Court. The following passage from the Seventh Circuit's *Bethel* opinion applies to

foreclose the Petitioner's arguments:

> [Petitioner] made broad and repeated concessions that he understood his sentence could be more severe than predicted and that he was not relying on a particular sentence in signing the plea agreement and pleading guilty. He offers no compelling explanation for his current claim that he would not have pled guilty had he known his sentence would be higher than predicted, a claim that directly contradicts his statements at the change of plea hearing. To prove [prejudice], a defendant must show that his lawyer's deficiency was a decisive factor in his decision to plead guilty. Having assured the court that sentencing was not a factor (much less a decisive factor) in his decision to plead guilty, [Petitioner] fails to make the requisite showing.

*Bethel*, 458 F.3d at 719 (citations removed).

## C.      Petitioner's Other Grounds

The Petitioner claims the government violated the plea agreement by enhancing the

Petitioner's sentence beyond the terms of the plea agreement. This is not true. Nothing in the

11

plea agreement promised a specific sentence or suggested that the government would not argue

for sentencing enhancements. The plea agreement stated,

> I am aware that my sentence will be determined in accordance with the United States
> Sentencing Guidelines. . . . I understand that before the precise sentence can be
> determined, the Court will have to take several factors into consideration, including, but
> not limited to, my prior criminal record, if any; the amount of controlled substances
> involved; my acceptance of responsibility for the commission of the crime to which I am
> pleading GUILTY; as well as other factors.

(Plea Agreement 3, DE 210.) The agreement also stated that "I further understand that the United

States Attorney has reserved the right to tell the sentencing Court the good things about me and

the bad things about me and has reserved the right to present evidence which may affect my

sentencing range." (Plea Agreement 4, DE 210.) The government did not breach the plea

agreement by arguing for the application of any sentencing enhancement.

Because, as stated above, the Court finds the Petitioner's waiver to have been voluntary

and not the result of ineffective assistance of counsel, the Petitioner's remaining grounds for

vacating his sentence are barred by his knowing and intelligent waiver of his right to appeal or

collaterally attack his sentence and conviction.

### ORDER

The Petitioner's § 2255 motion [DE 516] is DENIED. The Petitioner's other motions

[DE 531, 532, 533, 539] are DENIED as moot.

SO ORDERED on August 7, 2007.

   s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
